IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID E. SIERRA-LOPEZ,

                      OPINION AND ORDER

          Petitioner,

                      21-cv-363-bbc

    v.

LARRY FUCHS,

          Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner David E. Sierra-Lopez has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a judgment of conviction entered in December 2014, by the Circuit Court for Brown County, Wisconsin, on multiple charges related to a residential burglary and the robbery and sexual assault of the occupant. Petitioner contends that his conviction is invalid because the state circuit court lacked jurisdiction over the case. The petition is before this court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

I am dismissing the petition. First, it is untimely. A state prisoner must file a federal habeas petition within one year of the date on which the state court judgment became final. 28 U.S.C. § 2244(d)(1)(A). Generally, a state court judgment becomes

1

final on the date that direct review has concluded, or on the date that the deadline for seeking direct review has expired.  Id.  Petitioner's judgment of conviction became final on October 9, 2017—the date the Wisconsin Supreme Court denied review of his direct appeal.  His one-year clock for filing a federal habeas petition on that conviction began running on January 9, 2018, 90 days after the Wisconsin Supreme Court's denial of his petition for review.  Anderson v. Litscher, 281 F.3d 672, 674–75 (7th Cir. 2002) (one-year statute of limitations does not begin to run under § 2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United State Supreme Court).  That means that the limitations period expired one year later, on January 9, 2019.  Petitioner did not file his habeas petition until June 2, 2021, which means it is untimely.  In addition, it does not appear that petitioner filed any proper motions for postconviction relief between January 2018 and January 2019 that would have tolled his habeas clock.

An untimely petition may be salvaged if grounds exist to equitably toll, or pause, the running of the limitations period.  But equitable tolling is an extraordinary remedy that is rarely granted. Tucker v. Kingston, 538 F.3d 732, 734 (7th Cir. 2008).  The Supreme Court has explained that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

Habeas petitioners may also avoid application of the one-year time limit by arguing for an equitable exception to § 2244(d)(1) based on a credible claim of actual innocence. McQuiggin v. Perkins, 569 U.S. 383, 392 (2013). To qualify for this narrow exception, a petitioner must persuade the district court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S 298, 329 (1995). This is a demanding standard, which permits review only in extraordinary cases. Coleman v. Lemke, 739 F.3d 342, 349 (7th Cir. 2014). Nothing in petitioner's petition, supporting brief or attachments suggests that either exception to the filing deadline would excuse petitioner's untimeliness.

I am also dismissing the petition because it is meritless. Petitioner contends that the state circuit court lacked jurisdiction over his case because the assistant district attorney did not submit a sworn affidavit from the victim with the criminal complaint. Petitioner also contends that because the assistant district attorney failed to submit a sworn affidavit, there was no probable cause to prosecute him and his Fourth Amendment rights were violated. These arguments do not make sense. The Fourth Amendment protects against unreasonable searches and seizures, and does not require that criminal complaints be supported by a sworn affidavit from a victim. To the extent that petitioner is arguing that the prosecutor failed to comply with Wisconsin statutes, such an argument would not implicate the United States Constitution or any federal law. Arnold v. Dittmann, 901 F.3d 830, 835 (7th Cir. 2018) ("[E]rrors of state law are not

3

cognizable on habeas review."); U.S. ex rel. Bell v. Mathy, No. 08 C 5622, 2009 WL 90078, at *2 (N.D. Ill. Jan. 14, 2009) (habeas petitioner's challenges to state court's jurisdiction "pose questions of Illinois state law, rather than the federal Constitutional issues that are cognizable in Section 2254 proceedings"). For these reasons, I am dismissing the petition.

The only matter remaining for discussion is whether to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In this instance, no reasonable jurist would disagree that the petition is untimely, that petitioner has failed to show that equitable tolling should apply and that the petition lacks merit. Therefore, petitioner is not entitled to a certificate of appealability.

ORDER

IT IS ORDERED that the federal habeas corpus petition filed by David E. Sierra-Lopez is DENIED and this case is DISMISSED with prejudice. A certificate of

appealability is DENIED. If petitioner wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 14th day of July, 2021.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge